HENRY MOELLER, APPELLEE, v. FRANKLIN COUNTY, APPELLANT.

FILED APRIL 3, 1914. No. 17,715.

Appeal: CONFLICTING EVIDENCE. In an action to recover the damages
sustained by a landowner for establishing and opening a county
road over and across his land, if the evidence as to the amount
of plaintiff's damages is conflicting, the verdict of the jury will
not be set aside unless it clearly appears to be wrong.

APPEAL from the district court for Franklin county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*George Losey,* for appellant.

*H. W. Short* and *W. H. Miller, contra.*

BARNES, J.

This cause was tried in the district court for Franklin county on an appeal from an order of the county board allowing the plaintiff $30 as his damages for establishing and opening a county road over and across the plaintiff's land. The cause was tried to a jury, and a verdict was returned in favor of the plaintiff for $150. Judgment was rendered on the verdict, and the defendant has brought the case to this court by an appeal.

The only error assigned in defendant's brief is that the verdict was excessive, and that is the only question argued by the appellant. The evidence as to the amount of plaintiff's damages was conflicting. The testimony of the witnesses for the plaintiff fixed the value of the plaintiff's land actually taken for the road at from $30 to $150; while some of the witnesses for the county testified that the plaintiff's land was actually benefited by the establishment of the road. It appears that on the line of the highway was a private bridge constructed by plaintiff, and that bridge was taken and appropriated by the county for the public use. The testimony showed that it would cost about $200 to construct a bridge over the stream crossed by the highway.

The value of the bridge, whatever it was, should have been awarded to plaintiff and included in his damages. Therefore we are unable to say that the verdict was so excessive as to entitle the defendant to a new trial. As has often been decided by this court, when the evidence is conflicting a verdict of the jury will not be set aside unless it is shown to be clearly wrong.

The judgment of the district court should be, and is,

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.